UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE DIXON, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-15-0210 |
| | : | |
| WARDEN FCI SCHUYLKILL, | : | (Judge Kosik) |
| | : | |
| Respondent | : | |

## MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 and supporting memorandum filed by Jermaine Dixon ("Petitioner"), an

inmate confined at the Federal Correctional Institution at Schuylkill, Pennsylvania.

(Docs. 1, 2.)  The matter is presently before the court for screening.  See 28 U.S.C.

§ 2243.  The required filing fee has been submitted.  For the reasons which follow,

the petition will be dismissed for lack of jurisdiction.

## I.    Background

In the instant petition, Petitioner challenges a conviction and sentence imposed

by the United States District Court for the Eastern District of New York.  He was

indicted by a federal grand jury in the District of North Carolina on or about June 20,

2000, and venue was later transferred to New York.  He was indicted on charges of

conspiring to possess with intent to distribute a controlled substance in violation of

21 U.S.C. §§ 846 and 841(a)(1).  On or about October 11, 2001, he states that he

entered a guilty plea and was later sentenced to life in prison.

On appeal, the Second Circuit Court of Appeals reversed and remanded the

matter to the New York Eastern District Court for resentencing pursuant to Booker v.

United States, 543 U.S. 220 (2005).  Following resentencing, Petitioner received a

term of 360 months in prison.  Thereafter, a motion pursuant to 28 U.S.C. § 2255 was

filed with the Eastern District of New York.  The motion was denied on August 14,

2013.

In the instant petition, Dixon claims he is "actually innocent of the sentencing

enhancement" that was imposed on him via 21 U.S.C. § 841(b)(1)(A), for his

conviction(s) at 21 U.S.C. §§ 846 and 841(a)(1).  In support of his claim, he relies on

the case of Burrage v. United States, 571 U.S. ___, 134 S.Ct. 881, 187 L.Ed.2d 715

(2014).  He argues that Burrage sets forth a substantive change with respect to the

interpretation of 21 U.S.C. § 841(b) and was not available to him at the time of his

sentencing.  He claims that he entered into a guilty plea after being indicted by a

grand jury based upon information that did not include the identity of the controlled

substance from § 841(b) as a statutory element of the offense in §§ 846 and 841(a)(1).

2

Rather, it was a mere sentencing factor to be determined by a preponderance of the evidence during a sentencing hearing.  In the <u>Burrage</u> case, Petitioner states that the Supreme Court held that the congressionally established facts in § 841(b) are not mere sentencing factors to be used by the sentencing court for sentencing purposes, and are elements of an aggravated offense.   Thus, he claims that at the time he entered his guilty plea, no elements of an aggravated offense in §§ 846 and 841(a)(1) were of issue, and the guilty plea did not actually rest on a determination of the identity of the controlled substance and did not waive any right to a petit jury finding a § 841(b) fact beyond a reasonable doubt, in order for the court to enhance his sentence. (Doc. 2, Supp. Mem. at 8-9.)  For these reasons, he seeks his release from prison.

Petitioner claims that he was not able to present this issue during his guilty plea, direct appeal or § 2255 motion, because the <u>Burrage</u> case was decided subsequent to  these proceedings, and therefore not available to him.  He argues that a motion under § 2255 is now inadequate or ineffective.  (<u>Id</u>. at 11.)  He files the instant habeas petition pursuant to § 2241 to pursue his challenge.

## II.     Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts, 28 U.S.C. § 2254 (1977)(Rule 4 applies to § 2241

petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United

States District Courts). <u>See</u>, <u>e.g.</u>, <u>Patton v. Benton</u>, 491 F. Supp. 156, 158-59 (M.D.

Pa. 1979)(explaining that Rule 4 is "applicable to Section 2241 petitions through

Rule 1(b)").  Rule 4 provides in pertinent part: "If it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district

court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of

their confinement," including a challenge to the validity of a conviction or to a

sentence, is by way of a motion filed under 28 U.S.C. § 2255.  <u>In re Dorsainvil</u>, 119

F.3d 245, 249 (3d Cir. 1997).  <u>See also</u> <u>United States v. Miller</u>, 197 F.3d 644, 648 n. 2

(3d Cir. 1999)(stating that § 2255 provides federal prisoners a means by which to

bring collateral attacks challenging the validity of their judgment and sentence);

<u>Snead v. Warden, F.C.I. Allenwood</u>, 110 F. Supp. 2d 350, 352 (M.D. Pa.  2000)

(finding that challenges to a federal sentence should be brought in a motion filed

under 28 U.S.C. § 2255).  Motions for relief under § 2255 must be filed in the district

court where the defendant was convicted and sentenced.  Here, Petitioner is clearly

challenging his conviction and sentence.  Thus, his proper avenue of relief is a section

2255 motion filed in the district court where he was convicted and sentenced.  <u>See</u> 28

U.S.C. § 2255(e)(stating that the motion must be filed in "the court which sentenced him").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006)(quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). The Petitioner has the burden of proving that § 2255 would be an inadequate or an ineffective remedy. Reyes-

Racine v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218

F.3d 448, 452 (5th Cir. 2000)).  Accordingly, "[s]ection 2255 is not inadequate or

ineffective merely because the sentencing court does not grant relief, the one-year

statute of limitations has expired, or the petitioner is unable to meet the stringent

gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539.  Section

2241 should not be used as a way of evading the gatekeeping requirements of section

2255.  Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001).  If a petitioner

improperly challenges a federal conviction or sentence under § 2241, the petition

must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164,

1165 (3d Cir. 1971).

     Here, it is apparent that the pending petition is not viable under 28 U.S.C.

§ 2241. Petitioner admits that he has filed a § 2255 petition in the sentencing court

thereby evidencing that his remedy by way a motion under § 2255 is not unavailable

or inadequate.  Although his motion may have been unsuccessful, this does not open

the federal court door to the filing of a § 2241 petition.  To the extent Petitioner

attempts to rely on case law not previously available to him when he sought relief

pursuant to § 2255, he is first required to request permission from the appropriate

circuit court for leave to file a successive petition.  See 28 U.S.C. § 2255(h). In this

case, he would need to seek permission from the Second Circuit Court of Appeals to

6

file a second or successive motion under § 2255.

In conducting computerized legal research pursuant to PACER, the court has verified the following facts.[1] Subsequent to the issuance of the decision in Burrage, Petitioner sought relief in the sentencing court pursuant to § 2255 in an attempt to raise his new claims. See Dixon v. United States of America, No. 15-CV-00070 (RJD)(E.D. N.Y.). In response thereto, the sentencing court issued an order on January 15, 2015, transferring the motion to the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. The basis for the transfer was that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without authorization by [the Second Circuit], the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice." Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996)(per curiam). (Id., See Doc. 3.)

In accessing the docket of the Second Circuit Court of Appeals, it reveals that following the transfer of the motion to the appellate court on January 15, 2015, the Second Circuit issued a "Notice Regarding A Second Or Successive Application For A Writ Of Habeas Corpus Or 28 U.S.C. § 2255 Motion." (See Dixon v. United States of America, Action No. 15-0130 at Doc. 2). In the Notice, Petitioner is informed that

---

[1] See PACER, Public Access to Court Electronic Records, https://pacer.login.uscourts.gov.

7

within 45 days he must submit an application for permission in order to be able to file with the district court. He is further provided with instructions as to how to file his application.

The docket reveals that to date, no such application has ever been submitted by Petitioner to the Second Circuit Court of Appeals. Thus, there existed the possibility and remains the possibility that Petitioner could be granted such permission, if appropriate.[2] Consequently, the court will dismiss the instant petition filed under 28 U.S.C. § 2241, without prejudice, to Petitioner pursuing leave to file a second or successive § 2255 motion with the Second Circuit Court of Appeals.[3] Even then, it is only where a petitioner falls within the narrow exception outlined in Dorsainvil in which § 2241 relief could be sought in this court. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who

---

[2] At this time, Petitioner has never properly sought permission from the Second Circuit to file a second or successive § 2255 motion. He was instructed by the Second Circuit how to do so, and has not yet been denied permission. This court in no way expresses any opinion as to whether Petitioner is entitled to such relief or whether his claims have any merit.

[3] Under the "gatekeeping" provision of the AEDPA, a defendant seeking to file a second § 2255 motion must obtain from the court of appeals having jurisdiction over the sentencing court an order authorizing the sentencing court to consider the second motion. A court of appeals may grant leave to file a second § 2255 petition only if the defendant presents (a) newly discovered evidence undermining the guilty verdict or (b) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255.

8

had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal.  Dorsainvil, 119 F.3d t 251.  For these reasons, the instant petition will be dismissed for lack of jurisdiction.  An appropriate order follows.