UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

```
_____
JERMAINE DIXON,                     :
              Petitioner,           :
                                    :   CIVIL ACTION NO. 3:15-CV-210
           v.                       :
                                    :   (Judge Kosik)
WARDEN FCI SCHUYLKILL,              :
              Respondent.           :
_____
```

**MEMORANDUM**

Before the court are Petitioner's Objections (Doc. 12) to the Report and Recommendation of Magistrate Judge Martin C. Carlson filed on September 11, 2015 (Doc. 9), recommending that the Petitioner's Motion for Reconsideration (Doc. 7) be denied. For the reasons which follow, the Motion for Reconsideration (Doc. 7) will be denied.

BACKGROUND

Petitioner, Jermaine Dixon, an inmate confined at the Federal Correctional Institution at Schuylkill, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 on January 29, 2015. On February 27, 2015, we issued a Memorandum and Order (Docs. 5 and 6) dismissing the Petition for Writ of Habeas Corpus without prejudice to Petitioner to pursue leave from the United States Court of Appeals for the Second Circuit to file a second or successive 28 U.S.C. §2255 motion. Specifically, after reviewing the background of Petitioner's conviction and sentence imposed by the United States District Court for the Eastern District of New York, in conjunction with his §2241 Petition, we found that:

> Here, it is apparent that the pending petition is not viable under 28 U.S.C. § 2241. Petitioner admits that he has filed a § 2255 petition in the sentencing court thereby evidencing that his remedy by way a motion under § 2255 is not unavailable or inadequate. Although his motion may have been unsuccessful, this does not open the federal court door to the filing of a § 2241 petition. To the extent Petitioner attempts to rely on case law not previously available to him when he sought relief pursuant to § 2255, he is first required to request

> permission from the appropriate circuit court for leave to file a successive petition.  See 28 U.S.C. § 2255(h). In this case, he would need to seek permission from the Second Circuit Court of Appeals to file a second or successive motion under § 2255.
>
> In conducting computerized legal research pursuant to PACER, the court has verified the following facts. Subsequent to the issuance of the decision in Burrage, Petitioner sought relief in the sentencing court pursuant to § 2255 in an attempt to raise his new claims.  See Dixon v. United States of America, No. 15-CV-00070 (RJD)(E.D. N.Y.).  In response thereto, the sentencing court issued an order on January 15, 2015, transferring the motion to the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. The basis for the transfer was that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without authorization by [the Second Circuit], the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice."  Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996)(per curiam). (Id., See Doc. 3.)
>
> In accessing the docket of the Second Circuit Court of Appeals, it reveals that following the transfer of the motion to the appellate court on January 15, 2015, the Second Circuit issued a "Notice Regarding A Second Or Successive Application For A Writ Of Habeas Corpus Or 28 U.S.C . § 2255 Motion." (See Dixon v. United States of America, Action No. 15-0130 at Doc. 2).  In the Notice, Petitioner is informed that within 45 days he must submit an application for permission in order to be able to file with the district court.  He is further provided with instructions as to how to file his application.
>
> The docket reveals that to date, no such application has ever been submitted by Petitioner to the Second Circuit Court of Appeals.  Thus, there existed the possibility and remains  the possibility that Petitioner could be granted such permission, if appropriate.  Consequently, the court will dismiss the instant petition filed under 28 U.S.C. § 2241, without prejudice, to Petitioner pursuing leave to file a second or successive § 2255 motion with the Second Circuit Court of Appeals. Even then, it is only where a petitioner falls within the narrow exception outlined in Dorsainvil in which  § 2241 relief could be sought in this court.  In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal.  Dorsainvil, 119 F.3d t 251.  For these reasons, the instant petition will be dismissed for lack of jurisdiction.  An appropriate order follows. (Footnotes omitted).

On March 9, 2015, Petitioner filed a Motion for Reconsideration (Doc. 7), challenging this court's finding that he could not demonstrate that §2255 is inadequate or ineffective to test the legality of his detention.  On September 11, 2015, the Magistrate Judge filed a Report and Recommendation (Doc. 9), recommending that the Petitioner's Motion for Reconsideration (Doc. 7) be denied. On October 23, 2015, Petitioner filed Objections (Doc. 12) to the Report and Recommendation.

After setting forth the legal standards regarding a Motion for Reconsideration, that the purpose is to correct manifest errors of law or fact or to present newly discovered evidence, the Magistrate Judge found that the representations made by Petitioner in his Petition and Motion for Reconsideration do not demonstrate that he is entitled to seek relief under 28 U.S.C. §2241.

In his Objections to the Report and Recommendation, Petitioner argues that <u>Burrage v. United States</u>, 57 U.S. __, 134 S. Ct. 881 (2014) is substantive and not procedural, that it should be applied retroactively, that he should be allowed to challenge his detention under 28 U.S.C. §2241, because the law changed after his first §2255 motion was filed, and that his §2241 Petition should be transferred to the United States District Court for the Eastern District of New York.

As we stated in our original Memorandum dismissing the §2241 Petition (Doc. 5) and as the Magistrate Judge states in his Report and Recommendation (Doc. 9), the instant Petition is not viable under 28 U.S.C. §2241. A defendant is permitted to pursue relief under 28 U.S.C. §2241 only where he shows that the remedy under §2255 would be inadequate or ineffective to test the legality of his detention. We do not find that Petitioner has met his burden. Petitioner's recourse would be to seek permission from the Second Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. §2255. When he was afforded this opportunity by the Court of Appeals, he failed to act on it.

Because we do not find that Petitioner's Objections warrant reconsideration of out earlier Memorandum (Doc. 5) or the Report and Recommendation of the Magistrate Judge (Doc. 9), we will adopt the Report and Recommendation of the Magistrate Judge recommending that the Motion for Reconsideration (Doc. 7) be denied. An appropriate Order follows.